



Menu ☰

⚠ The Clerk of Courts is currently accepting RFP proposals (/AboutUs/Purchasing#CurrentBids).

# Case Detail - Public

🖶 Print

## Carmen Colon Plaintiff vs. Reprotech, Ltd., et al Defendant

**Broward County Case Number:** CACE19004100

**State Reporting Number:** 062019CA004100AXXXCE

**Court Type:** Civil

**Case Type:** Other

**Incident Date:** N/A

**Filing Date:** 02/22/2019

**Court Location:** Central Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 12 Frink, Keathan B.

### Party(ies)

Total: 3

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| | | | |

^

Composite Exhibit A

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Colon, Carmen** | | ★ Perera, Jorge Freddy<br>Retained<br>Bar ID: 93625<br>Perera Law Group, P.A.<br>12555 Orange Dr Ste 268<br>Davie, FL 33330<br>**Status: Active** |
| Defendant | **Reprotech, Ltd.** | | ★ Beckerman, Jonathan A<br>Retained<br>Bar ID: 568252<br>Littler Mendelson P.C.<br>Wells Fargo Center<br>333 S.E. 2nd Ave. Ste. 2700<br>Miami, FL 33131<br>**Status: Active** |
| Defendant | **Cummins, Heather** | | ★ Beckerman, Jonathan A<br>Retained<br>Bar ID: 568252<br>Littler Mendelson P.C.<br>Wells Fargo Center<br>333 S.E. 2nd Ave. Ste. 2700<br>Miami, FL 33131<br>**Status: Active** |

## − Disposition(s)                    Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

## − Event(s) & Document(s)                    Total: 15

^

## Composite Exhibit A

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 04/25/2019 | **Notice of Appearance** | Party: *Defendant* Reprotech, Ltd. *Defendant* Cummins, Heather | 📄 | 2 |
| 04/25/2019 | **Notice of Appearance** | | 📄 | 2 |
| 04/11/2019 | **Summons Returned Served** | 10th day of April, 2019 at 1:18 pm Party: *Defendant* Cummins, Heather | 📄 | 4 |
| 04/11/2019 | **Summons Returned Served** | 10th day of April, 2019 at 1:18 pm Party: *Defendant* Reprotech, Ltd. | 📄 | 4 |
| 04/09/2019 | **Notice of Service of Interrogs** | Party: *Plaintiff* Colon, Carmen | 📄 | 2 |
| 04/09/2019 | **Request for Admissions** | Party: *Plaintiff* Colon, Carmen | 📄 | 5 |
| 04/09/2019 | **Request for Production** | Party: *Plaintiff* Colon, Carmen | 📄 | 6 |
| 03/20/2019 | **Summons Issued Fee** | Payor: JORGE FREDDY PERERA ; Userid: CTS-fg/t ; Receipt: 20191FA1A041339; ; Amount: $10.00 | | |

Composite Exhibit A

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 03/20/2019 | **Summons Issued Fee** | Payor: JORGE FREDDY PERERA ; Userid: CTS-fg/t ; Receipt: 20191FA1A041339; ;<br><br>Amount: $10.00 | | |
| 03/15/2019 | **eSummons Issuance** | To Heather Cummins | 📄 | 3 |
| 03/15/2019 | **eSummons Issuance** | To Reprotech Cyobank Inc | 📄 | 3 |
| 03/13/2019 | **Amended Complaint** | Party: *Plaintiff* Colon, Carmen | 📄 | 7 |
| 02/25/2019 | **Filing Fee** | Payor: JORGE FREDDY PERERA ; Userid: CTS-fg/t ; Receipt: 20191FA1A029429; ;<br><br>Amount: $401.00 | | |
| 02/22/2019 | **Civil Cover Sheet** | | 📄 | 2 |
| 02/22/2019 | **Complaint (eFiled)** | Party: *Plaintiff* Colon, Carmen | 📄 | 7 |

---

**─  Hearing(s)**                                                          Total: 0

**There is no Disposition information available for this case.**

---

**─  Related Case(s)**                                                    Total: 0

**There is no related case information available for this case.**                              ⌃

---

Composite Exhibit A

## Brenda D. Forman

### Clerk of Court

Broward County

17th Judicial Circuit

MORE ABOUT THE CLERK (/ABOUTUS/ABOUTTHEOFFICE#ABOUTTHECLERK)                    ›

## Connect with Us

COURTHOUSE LOCATIONS (/ABOUTUS/HOURSANDLOCATIONS#COURTHOUSELOCATIONS)           ›

CONTACT US (/ABOUTUS/ABOUTTHEOFFICE#CONTACTUS)                                  ›

DISCLAIMER AGREEMENT (/GENERALINFORMATION/MISCELLANEOUS#DISCLAIMERAGREEMENT)    ›

CLERK DIRECTORY (/ABOUTUS/HOURSANDLOCATIONS#CLERKDIRECTORY)                     ›

## Accessibility & Support

ADA NOTICE (/GENERALINFORMATION/MISCELLANEOUS#ADA)                              ♿

PRINT                                                                          🖶

## Main Courthouse Location

### 201 SE 6th Street

Fort Lauderdale

Florida, US 33301

Phone: (954) 831-6565

PUBLIC RECORDS CUSTODIAN
(/GENERALINFORMATION/MISCELLANEOUS#PUBLICRECORDSCUSTODIAN) › *PURSUANT TO 119.12(2),
F.S.*                                                                          ∧

## Composite Exhibit A

PUBLIC ACCESS TO JUDICIAL RECORDS

(/GENERALINFORMATION/MISCELLANEOUS#JUDICIALRECORDRULE) › *PURSANT TO RULE 2.420*

Under Florida law, email addresses are public records. If you do not want your email address released in response

to a public records request, do not send electronic mail to this entity.

Instead, contact this office by phone or in writing.

© 2019 - All rights reserved

^

## Composite Exhibit A

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.:

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

     Plaintiff,

vs.

REPROTECH, LTD., and
HEATHER CUMMINS, individually.,

     Defendants.

_____/

## **COMPLAINT**

Plaintiff Carmen Colon ("Plaintiff"), on behalf of herself and all others similarly situated

under 29 U.S.C. §216(b), hereby sues ReproTech, Ltd. ("RTL") and Heather Cummins

("Cummins") (jointly "Defendants"), and alleges as follows:

### **INTRODUCTION**

1.     This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et seq.* ("FLSA").

2.     Plaintiff seeks damages within this court's jurisdictional requirements, a

reasonable attorneys' fee and costs, and all other remedies allowable by law.

3.     This lawsuit is brought as a collective action pursuant to 29 U.S.C. §216(b).

Composite Exhibit A

4.      Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium.

## PARTIES, JURISDICTION AND VENUE

5.      RTL is and was a Florida corporation that conducted business in Broward County, Florida during the relevant period.

6.      Cummins is and was a Site Director for RTL in Broward County, Florida during the relevant period.

7.      Plaintiff was formerly employed by Defendants and performed work for Defendants in Broward County, Florida.

8.      Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

### A.  Defendants' Business, Interstate Commerce, And Employment Of Plaintiff.

9.      RTL focuses on long-term storage of reproductive tissue.

10.     Plaintiff worked for RTL for approximately ten (10) months.

11.     Plaintiff ceased working for RTL on or around February 4, 2019.

12.     During her tenure at RTL, Plaintiff worked as a Customer Service Representative.

13.     Defendants' were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

14.     Upon information and belief, RTL's annual volume of sales or business exceeded $500,000 during the relevant period.

15.     At all relevant times, RTL employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

16.     Upon information and belief, RTL obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

17.     RTL, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

18.     RTL is an employer engaged in interstate commerce and subject to the FLSA.

**B.  Defendants' Illegal Payment Practices.**

19.     During her employment with Defendants, Plaintiff frequently worked over 40 hours a week.

20.     Plaintiff, for example, regularly worked past 5 PM on multiple days during the workweek.

21.     Plaintiff would also arrive before 8:30 AM on a regular basis and especially on Fridays.

22.     Plaintiff, however, was not compensated for overtime wages in accordance with the Fair Labor Standards Act (FLSA).

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

23.     Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

24.     Defendants failed to keep accurate time records for all hours worked by Plaintiff.

**C.  Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

25.     Upon information and belief, Defendants' pattern and practice of depriving non-exempt employees of some or all overtime compensation extended to other individuals at the company, including several other similarly situated employees.

26.     Defendants failed to keep accurate time records for all hours worked by all other similarly situated employees.

27.     Plaintiff, on behalf of herself and all other similarly situated employees, has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

**COUNT I**

**OVERTIME VIOLATION BY RTL UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED**

28.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

29.     As part of its business, RTL purchased goods and materials that traveled through interstate commerce.

30.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

31.     Upon information and belief, RTL obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state

4

Composite Exhibit A

lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

32.     RTL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

33.     RTL is an employer engaged in interstate commerce and subject to the FLSA.

34.     During her employment with RTL, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

35.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

36.     Other similarly situated non-exempt employees of RTL were also deprived of overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

37.     In addition, RTL is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against RTL under the FLSA;

b.      Award Plaintiff actual damages for the unpaid wages;

c.      Award Plaintiff liquidated damages;

d.      Award Plaintiff attorneys' fees and costs;

e.      Award Plaintiff all recoverable interest; and

f.      Award any other relief this Honorable Court deems just and proper.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## COUNT II

## OVERTIME VIOLATIONS AGAINST CUMMINS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

38.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

39.     During some of the relevant period, Cummins was a Site Director and operator of RTL.

40.     During the relevant period, Cummins operated the day-to-day activities of RTL, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

41.     Cummins was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

42.     During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

43.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

44.     Other similarly situated non-exempt employees of Defendants were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

45.     Cummins is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

6

Composite Exhibit A

a.     Enter judgment for Plaintiff against Cummins under the FLSA;

b.     Award Plaintiff actual damages for the unpaid wages;

c.     Award Plaintiff liquidated damages;

d.     Award Plaintiff attorneys' fees and costs;

e.     Award Plaintiff all recoverable interest; and

f.     Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: February 22, 2019        Respectfully submitted,


By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No.: 092044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
Florida Bar No. 116175
**PERERA BARNHART, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*


*Counsel for Plaintiff*

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>Carmen Colon</u>
  Plaintiff
     vs.
<u>Reprotech, Ltd.; Heather Cummins</u>
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☒ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## Composite Exhibit A

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.** **REMEDIES SOUGHT** (check all that apply):

☒ Monetary;
☐ Non-monetary declaratory or injunctive relief;
☐ Punitive

**IV.** **NUMBER OF CAUSES OF ACTION: (    )**
(Specify)

2

**V.** **IS THIS CASE A CLASS ACTION LAWSUIT?**

☐ Yes
☒ No

**VI.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒ No
☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒ Yes
☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Jorge Freddy Perera        FL Bar No.: 93625
   Attorney or party                                                                                  (Bar number, if attorney)

Jorge Freddy Perera    02/22/2019
   (Type or print name)                                                       Date

Composite Exhibit A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-19-004100

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

REPROTECH CRYOBANK, INC.,
a Foreign Profit Corporation d/b/a
REPROTECH, LTD, and
HEATHER CUMMINS, individually,

      Defendants.

_____/

## AMENDED COMPLAINT

    Plaintiff Carmen Colon ("Plaintiff"), on behalf of herself and all others similarly situated

under 29 U.S.C. §216(b), hereby sues Reprotech Cryobank, Inc. d/b/a ReproTech, Ltd. ("RTL")

and Heather Cummins ("Cummins") (jointly "Defendants"), and alleges as follows:

## INTRODUCTION

    1.    This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29

U.S.C. §§ 201 *et seq*. ("FLSA").

    2.    Plaintiff seeks damages within this court's jurisdictional requirements, reasonable

attorneys' fees and costs, and all other remedies allowable by law.

    3.    This lawsuit is brought as a collective action pursuant to 29 U.S.C. §216(b).

Composite Exhibit A

4.      Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium.

## PARTIES, JURISDICTION AND VENUE

5.      RTL is and was a Florida corporation that conducted business in Broward County, Florida during the relevant period.

6.      Cummins is and was a Site Director for RTL in Broward County, Florida during the relevant period.

7.      Plaintiff was formerly employed by Defendants and performed work for Defendants in Broward County, Florida.

8.      Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

**A.   Defendants' Business, Interstate Commerce, And Employment Of Plaintiff.**

9.      RTL focuses on long-term storage of reproductive tissue.

10.     Plaintiff worked for RTL for approximately ten (10) months.

11.     Plaintiff ceased working for RTL on or around February 4, 2019.

12.     During her tenure at RTL, Plaintiff worked as a Customer Service Representative.

13.     Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

14.     Upon information and belief, RTL's annual volume of sales or business exceeded $500,000 during the relevant period.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

15.     At all relevant times, RTL employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

16.     Upon information and belief, RTL obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

17.     RTL, upon information and belief, accepts credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

18.     RTL is an employer engaged in interstate commerce and subject to the FLSA.

**B.  Defendants' Illegal Payment Practices.**

19.     During her employment with Defendants, Plaintiff frequently worked over 40 hours a week.

20.     Plaintiff, for example, regularly worked past 5 PM on multiple days during the workweek.

21.     Plaintiff would also arrive before 8:30 AM on a regular basis and especially on Fridays.

22.     Plaintiff, however, was not compensated for overtime wages in accordance with the Fair Labor Standards Act (FLSA).

23.     Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

24.     Defendants failed to keep accurate time records for all hours worked by Plaintiff.

**C. Defendants' Illegal Payment Practices Affected All Other Similarly Situated Employees.**

25.     Upon information and belief, Defendants' pattern and practice of depriving non-exempt employees of some or all overtime compensation extended to other individuals at the company, including several other similarly situated employees.

26.     Defendants failed to keep accurate time records for all hours worked by all other similarly situated employees.

27.     Plaintiff, on behalf of herself and all other similarly situated employees, has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

## COUNT I

### OVERTIME VIOLATION BY RTL UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

28.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

29.     As part of its business, RTL purchased goods and materials that traveled through interstate commerce.

30.     These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

31.     Upon information and belief, RTL obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

32. RTL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

33. RTL is an employer engaged in interstate commerce and is subject to the FLSA.

34. During her employment with RTL, Plaintiff worked overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

35. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

36. Other similarly situated non-exempt employees of RTL were also deprived of overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

37. In addition, RTL is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against RTL under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

PERERA LAW GROUP, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## COUNT II

## OVERTIME VIOLATIONS AGAINST CUMMINS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

38.     Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

39.      During some of the relevant period, Cummins was a Site Director and operator of RTL.

40.     During the relevant period, Cummins operated the day-to-day activities of RTL, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

41.     Cummins was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

42.     During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

43.     Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

44.     Other similarly situated non-exempt employees of Defendants were also deprived overtime compensation at a rate of time-and-a-half their regular rate of pay as required by the FLSA.

45.     Cummins is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.      Enter judgment for Plaintiff against Cummins under the FLSA;

6

Composite Exhibit A

b.    Award Plaintiff actual damages for the unpaid wages;

c.    Award Plaintiff liquidated damages;

d.    Award Plaintiff attorneys' fees and costs;

e.    Award Plaintiff all recoverable interest; and

f.    Award any other relief this Honorable Court deems just and proper.

**JURY TRIAL**

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  March 13, 2019

Respectfully submitted,

By: */s/ Waynice A. Green*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No.: 092044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
Florida Bar No. 116175
**PERERA BARNHART, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

7

Composite Exhibit A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-19-004100

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

REPROTECH CRYOBANK, INC.,
a Foreign Profit Corporation d/b/a
REPROTECH, LTD, and
HEATHER CUMMINS, individually,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this Summons, and a copy of the Amended Complaint on Defendant:

**REPROTECH CRYOBANK, INC., d/b/a REPROTECH, LTD,
THROUGH ITS REGISTERED AGENT:
WILLIAM B HAZELRIGG
4661 JOHNSON RD. SUITE 2
COCONUT CREEK, FL 33073**

    Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose name and address is: **J. Freddy Perera, Esq.**, Perera Barnhart, 12555 Orange Drive, Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

DATED ON      MAR 20 2019

                BRENDA D. FORMAN By: _____

                                  As Deputy Clerk

BRENDA D. FORMAN

Composite Exhibit A

## SUMMONS:
## PERSONAL SERVICE OF A CORPORATION

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá; si usted desea que el escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privada de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda pro su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demándate o Abogado de Demandante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour depposer une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Composite Exhibit A

Filed By:     J. Freddy Perera, Esq.
                  Florida Bar No. 93625

Address:     Perera Barnhart
                  12555 Orange Drive
                  Second Floor
                  Davie, FL 33330
                  (786) 485-5232

Composite Exhibit A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA CASE NO.: CACE-19-004100

CARMEN COLON, and
all others similarly situated under
29 U.S.C. §216(b),

Plaintiffs,

vs.

REPROTECH CRYOBANK, INC., d/b/a
REPROTECH, LTD,
and HEATHER CUMMINS,
Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons, and a copy of the Amended
Complaint on Defendant:

**HEATHER CUMMINS**
**5001 NW 51st ST.**
**COCONUT CREEK, FL 33073**

Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney,
whose name and address is: **J. Freddy Perera, Esq.**, Perera Barnhart, 12555 Orange Drive,
Second Floor, Davie, FL 33330 within 20 calendar days after service of this summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk
of the Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant
fails to do so, a default will be entered against that Defendant for the relief demanded in the
complaint or petition.

DATED ON _____ MAR 20 2019

BRENDA D. FORMAN By: _____

As Deputy Clerk

**BRENDA D. FORMAN**

Composite Exhibit A

**SUMMONS:**
**PERSONAL SERVICE ON A NATURAL PERSON**

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served upon you to file a written response to the attached Complaint in this Court. A phone call will not protect you. Your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and you wage, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá; si usted desea que el escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privada de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda pro su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia du su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demándate o Abogado de Demandante).

### IMPORTANT

Des poursuites judiciaries ont ele entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposser une response ecite a la plainte cijointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, ave mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si cous ne deposez pas votre reponse ecrite dans le relai requis, vous resiquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent tere saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il a d' autres obligations juridiques et vous pouvez requerir les services immediates d'un avocat. Si vous ne connaissez pas d'avocats, vou pourriez telephoner a un service de reference d'avocats ou a un brueau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme tempos que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocate) nomme ci-dessous.

Composite Exhibit A

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas, Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349- 7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## LEY PARA ESTADOUNIDENSES CON INCAPACIDADES

"Si usted es una persona minusválida que necesita hacer arreglos para poder participar en este proceso, usted tiene derecho, sin gasto alguno, a que se le provea cierta ayuda. Por favor póngase en contacto con el Coordinador de ADA en el Onceavo Distrito Judicial ubicado en el Lawson E. Thomas Courthouse Center, 175 NW 1st Ave, Sala 2702, Miami Fl 33128, Teléfonos (305)349-7175; TDD (305) 349-7174, Fax (305) 349-7355 por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales; o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

## ACT DE 1990 POUR AMERICAINS HANDICAPES AVIS DE l' ADA

"Si vous êtes une personne handicapée qui a besoin d'accommodement pour pouvoir participer à cette procédure, vous avez le droit, sans aucun coût, d'avoir de l'aide à votre disposition. S'il vous plaît contacter le Coordinateur de l'ADA du Tribunal de l'Onzième Circuit Judiciaire, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave. Suite 2702, Miami, FL. 33128, Téléphone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 au moins 7 jours avant la date de comparution au tribunal, oubien immédiatement après avoir reçu cet avis si la date avant la comparution est moins de 7 jours; si vous avez une incapacité pour entendre ou parler, appelez le 711."

## LWA 1990 POU AMERIKEN KI ENFIM ANONS POU AMERIKEN KI ENFIM

"Si ou se yon moun ki enfim e ou bezwen akomodasyon pou ou patisipe nan pwosedi sa a, ou gen dwa pou yo ba ou kèk èd san ou pa gen pou ou peye. Silvouplè kontakte Kowòdinatè ADA pou Tribinal Onzyèm Distrik Jidisyè a nan: Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, Fl 33128, Telefòn (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 omwen 7 jou anvan ou gen randevou pou ou parèt nan tribinal la, oubyen imedyatman lè ou resevwa notifikasyon sa a si ou gen mwens ke 7 jou pou ou parèt nan tribunal la; si ou gen difikilte pou ou tande oubyen pale, rele 711."

Filed By:     J. Freddy Perera, Esq.
              Florida Bar No. 93625

Address:      Perera Barnhart
              12555 Orange Drive
              Second Floor
              Davie, FL 33330
              (786) 485-5232

Composite Exhibit A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-19-004100

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

REPROTECH CRYOBANK, INC.,
a Foreign Profit Corporation d/b/a
REPROTECH, LTD., and
HEATHER CUMMINS, individually,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT REPROTECH CRYOBANK, INC.

      Plaintiff, CARMEN COLON, by and through undersigned counsel, hereby provides notice

that she has propounded interrogatories to be answered separately in writing and under oath by

Defendant, REPROTECH CRYOBANK, INC. d/b/a REPROTECH, LTD., within forty-five (45)

days, in accordance with Florida Rule of Civil Procedure 1.340.

[*CERTIFICATE OF SERVICE TO FOLLOW*]

1

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was served along with the Complaint in this matter.

Respectfully submitted,

By: /s/ J. Freddy Perera
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

2
PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-19-004100

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

REPROTECH CRYOBANK, INC.,
a Foreign Profit Corporation d/b/a
REPROTECH, LTD, and
HEATHER CUMMINS, individually,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO REPROTECH CRYOBANK, INC.

Carmen Colon ("Plaintiff"), by and through undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, hereby requests that REPROTECH CRYOBANK, INC. d/b/a REPROTECH, LTD ("RTL" or "Defendant") admit the truth of the following statements or opinions of fact, or the application of the law to fact, including genuineness of any documents described below within forty-five (45) days from the date of service.

## INTRODUCTION

If RTL fails to respond or object to any request within forty-five (45) days of the service of the Requests, the matter shall be deemed admitted under the Florida Rules of Civil Procedure. As is more fully set out below, the Defendant must admit or deny each request, and, where necessary, specify the parts of each request to which it objects or cannot in good faith admit or deny. If the Defendant objects to only part of a Request, it must admit or deny the remainder of

1

Composite Exhibit A

the Request.  In the event that the Defendant objects to or denies any Request or portion of a Request, the Defendant must state the reasons for its objection or denial.

Each Request solicits all information obtainable by Defendant in addition to Defendant's attorneys, investigators, agents, employees and representatives. If you answer a Request on the basis that you lack sufficient information to respond, describe any and all efforts you made to inform yourself of the facts and circumstances necessary to answer or respond.

## DEFINITIONS

1.     The term "you," "your" "yours" or "Defendant" means REPROTECH CRYOBANK, INC. and any directors, officers, employees, agents, representatives, or other persons acting, or purporting to act, on behalf of Defendant.

2.  The term "date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

3.  The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

4.  The singular shall include the plural and vice versa; and the terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

5.   The term "entity" means any individual, partnership, company, corporation, association, business trust, partnership, limited partnership, organization, agency or any other legal entity.

6.   The term "agent" shall mean any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

7.   The term "agreement" is defined as an understanding between Plaintiff and Defendant as to the terms and conditions of any work relationship Plaintiff had with Defendant.

8.   "This lawsuit" refers to the case identified in the case style above.

9.   The term "Complaint" means the complaint or amended complaint filed by Plaintiff in the above styled lawsuit.

10.  The term "Plaintiff" shall mean, Carmen Colon.

11.  Unless otherwise stated below, the "relevant period" shall mean February of 2018 through the last date of Plaintiff rendered any services for RTL (approximately February 4, 2019).   All interrogatories below are limited to the relevant period unless otherwise stated.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## REQUESTS FOR ADMISSIONS

1.   Admit that Plaintiff was an employee of RTL.

2.   Admit that RTL had an annual dollar volume of sales or business of at least $500,000.00 during the year 2017.

3.   Admit that RTL had an annual dollar volume of sales or business of at least $500,000.00 during the year 2018.

4.   Admit that Plaintiff worked over forty (40) hours a week on at least one workweek during the relevant period.

5.   Admit that RTL never paid Plaintiff at a rate of at least one-and-one-half times Plaintiff's regular rate for the time worked in one week over 40 hours.

6.   Admit that RTL did not keep records of hours worked by Plaintiff during the relevant time period.

7.   Admit that the Fair Labor Standards Act applied to your business during the relevant period.

8.   Admit that the records maintained by DJA do not provide Plaintiff with a basis for determining the precise number of hours worked by her during each work week during the relevant period.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was served along with the Complaint in this matter.

Respectfully submitted,

By: /s/ J. Freddy Perera
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

Composite Exhibit A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-19-004100

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

vs.

REPROTECH CRYOBANK, INC.,
a Foreign Profit Corporation d/b/a
REPROTECH, LTD, and
HEATHER CUMMINS, individually,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO REPROTECH CRYOBANK, INC.

Carmen Colon ("Plaintiff"), by and through undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, propounds the following request for production on Defendant REPROTECH CRYOBANK, INC. d/b/a REPROTECH, LTD ("RTL" or "Defendant"). The documents are to be produced or mailed to J. Freddy Perera, Esq. at Perera Barnhart, P.A., 12555 Orange Drive, Second Floor, Davie, FL 33330, within forty-five (45) days from the date of service.

## DEFINITIONS AND INSTRUCTIONS

Please refer to these definitions and instructions in providing your response. Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the requests set forth below:

1.     The term "Plaintiff" shall mean Carmen Colon.

1

Composite Exhibit A

2.      The term "you," "your" or "RTL" means the party to which this request is addressed, including your agents, attorneys, and all other persons acting or purporting to act on your behalf.

3.      "Document" is defined as broadly permitted under the Florida Rules of Civil Procedure and includes all materials and things subject to production under those Rules. "Document" means the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, whether printed, graphic, recorded or reproduced, or stored by any other electronic or mechanical process, or written or produced by hand: affidavits; agreements; e-mails; communications; correspondence; telegrams; memoranda; tape recordings; statements; notes; summaries or records of telephone conversations; summaries or records of personal conversations or interviews; diaries; log books; calendars; reports; notebooks; computer files (whether stored on disks, tapes, diskettes, hard drive, or otherwise); computer printouts; charts; summaries or records of meetings or conferences; summaries or reports of investigations or negotiations; drafts; letters; any marginal comments or notes appearing on any document; and any and all other writings and physical evidence.

4.      The term "all documents" shall mean every document as above-defined known to you and every such document which can be located or discovered by reasonably diligent efforts.

5.      The terms "and" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

6.      The words "concerning," "relate to" or "relating" include referring to, responding to, relating to, connected with, regarding, discussing, analyzing, evidencing, showing, depicting, describing, reflecting, implying and constituting.

7.      "This lawsuit" refers to the case identified in the case style above.

Composite Exhibit A

8.     The requests below only ask for information that are within your possession, custody and/or control.

9.     When producing the documents, please keep all documents segregated by the file in which the documents indicate the name of the file in which the documents are contained and the name of the documents being produced.

10.     In the event such file(s) or document(s) has been removed for the purposes of this action or other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file and the present location of the file.

11.     If you choose to withhold any documents from production for inspection and copying on the ground of privilege or the like, it is requested that, in addition to identifying the documents so withheld, the general subject matter of the document, the date of the document and the specific grounds for withholding said documents.

12.     Unless otherwise stated below, the "relevant period" shall mean February of 2018 through the last date of Plaintiff rendered any services for RTL (approximately February 4, 2019). All interrogatories below are limited to the relevant period unless otherwise stated.

13.     Responses should be modified and/or supplemented as required by the Florida Rules of Civil Procedure.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Produce all documents, regardless of by whom prepared (including, but not limited to, any sign-in sheets, time records, etc.) showing or relating to all hours worked by Plaintiff for RTL during the relevant period.

2.      Produce the entire personnel file for Plaintiff.

3.      Produce RTL's tax returns for 2017 and 2018.

4.      Produce documents showing any and all payments made by RTL to Plaintiff during the relevant period.

5.      Produce all e-mails, texts, or documents evidencing Plaintiff's expected work hours during the relevant period.

6.      Produce all payroll practice guidelines, record keeping guidelines, memos or other directives instructing RTL's owners and or personnel on proper procedures for ensuring that employees received accurate compensation for all hours worked.

7.      Produce all documents relating to any prior actual or threatened claim for unpaid wages received by RTL during the previous five (5) years.

8.      Produce any organizational chart drafted or prepared by RTL that shows its organizational structure during all or any part of the relevant period.

9.      Produce RTL's corporate documents that contain information evidencing who has an ownership interest in RTL, how ownership is held, and/or how RTL's corporate structure was designed during the relevant period.

10.     Produce all documents showing the different manners (cash, credit card, wire, etc.) RTL accepted payment for its services during the relevant period.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232
Composite Exhibit A

11.   Produce all employee handbooks/manuals maintained by RTL that were effective during the relevant period.

12.   Produce documents that reflect and/or evidence the job duties or type of work rendered by Plaintiff for RTL during the relevant period.

13.   Produce all documents relating to a proposed, possible, or actual change in Plaintiff's job responsibilities during the relevant period.

14.   Produce all time-records showing the hours worked by Plaintiff for RTL during the relevant period.

15.   Produce any and all documents, correspondence, memoranda, notes or other communications exchanged between RTL (including its agents, employees, and officers) and Plaintiff relating to the allegations in Plaintiff's Complaint.

16.   Produce all documents showing all training provided to Plaintiff in connection with her position(s) for RTL during the relevant period.

17.   Produce all documents provided by RTL to Plaintiff relating to how Plaintiff should perform Plaintiff's job(s) during the relevant period.

18.   Produce all tax documents (1099, W-2, etc.) issued by RTL to Plaintiff for work performed during the relevant period.

19.   Produce documents listing the individuals employed by RTL during the relevant period, the positions of each individual employee, the classification of each individual employee, the individual's dates of employment, the duties of each individual, how each individual was compensated (hourly or salary), and/or each individual's name and last known contact information.

20.   Produce all contractual or memorialized agreements between the parties evidencing Plaintiff's work obligations that were effective during the relevant time period.

PERERA BARNHART
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

Composite Exhibit A

21.     Produce all documents in support of any contention that Plaintiff was exempt s from the overtime provisions of the FLSA during the relevant period as it relates to RTL.

22.     Produce all documents evidencing that RTL made a good-faith effort to comply with wage and hour regulations.

23.     Produce documents that relate in any way to the allegations in the operative Complaint.

24.     Produce all documents you believe support any defenses you may have to the allegations in Plaintiff's Complaint.

25.     Produce any and all documents used or relied upon by RTL in order to respond to Plaintiff's First Set of Interrogatories.

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been served along with the Complaint in this matter.

Respectfully submitted,

By: /s/ J. Freddy Perera
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

6
Composite Exhibit A

### RETURN OF SERVICE

State of Florida                  County of Broward                  Circuit Court

Case Number: CACE-19-004100

Plaintiff:
**CARMEN COLON**

vs.

Defendant:
**REPROTECH CRYOBANK,INC., D/B/A REPROTECH,LTD., ET AL**

For:
J. FREDDY PERERA
PERERA BARNHART, PA
12555 ORANGE DR
2ND FLOOR
DAVIE, FL 33330

Received by OJF SERVICES, INC. on the 10th day of April, 2019 at 8:40 am to be served on **REPROTECH CRYOBANK ,INC., D/B/A REPROTECH,LTD REG. AGENT WILLIAM B HAZELRIGG, 4661 JOHNSON RD., SUITE 2, COCONUT CREEK, FL 33073.**

I, HERBERT SCHWARTZ, do hereby affirm that on the **10th day of April, 2019** at **1:18 pm**, I:

**CORPORATE:** served by delivering a true copy of the **SUMMONS, AMENDED COMPLAINT, FIRST REQUEST TO PRODUCE, FIRST SET OF INTERROGATORIES AND REQUEST FOR ADMISSION** with the date and hour of service endorsed thereon by me, to: **HEATHER CUMMINS** as **SITE DIRECTOR** of **REPROTECH CRYOBANK ,INC., D/B/A REPROTECH,LTD4661 JOHNSON RD., SUITE 2, COCONUT CREEK, FL 33073,** and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**HERBERT SCHWARTZ**
SPS #278

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019005745

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

Composite Exhibit A

## RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: CACE-19-004100

Plaintiff:
**CARMEN COLON**

vs.

Defendant:
**REPROTECH CRYOBANK,INC., D/B/A REPROTECH,LTD., ET AL**

For:
J. FREDDY PERERA
PERERA BARNHART, PA
12555 ORANGE DR
2ND FLOOR
DAVIE, FL 33330

Received by OJF SERVICES, INC. on the 10th day of April, 2019 at 8:40 am to be served on **HEATHER CUMMINS, 5001 NW 51 ST., COCONUT CREEK, FL 33073.**

I, HERBERT SCHWARTZ, do hereby affirm that on the **10th day of April, 2019 at 1:18 pm, I:**

**INDIVIDUAL/PERSONAL:**  served by delivering a true copy of the **SUMMONS AND AMENDED COMPLAINT** to: **HEATHER CUMMINS** at the address of: **4661 JOHNSON RD, #2, COCONUT CREEK, FL** with the date and hour of service endorsed thereon by me, and informed said person of the contents therein, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**HERBERT SCHWARTZ**
SPS #278

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019005744

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h

Composite Exhibit A



Case 0:18-cv-61444-BB Document 11-1 Entered on FLSD Docket 05/09/2019 Page 44 of 47

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-19-004100
DIVISION: 12

CARMEN COLON, and
All others similarly situated under
29 U.S.C. §216(b),

      Plaintiff,

v.

REPROTECH, LTD., and
HEATHER CUMMINS, individually,

      Defendants.

_____/

<u>NOTICE OF APPEARANCE</u>

The law firm of LITTLER MENDELSON, P.C. enters the appearance of Jonathan A.
Beckerman, Esq., as lead counsel together with Rebecca Anguiano, Esq., as co-counsel for and
on behalf of the Defendants, REPROTECH, LTD., and HEATHER CUMMINS, in the above-
styled cause, and requests that all papers and pleadings be served upon the undersigned counsel.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Composite Exhibit A

**Dated**: April 25th, 2019

Respectfully submitted,

/s/ Jonathan A. Beckerman
Jonathan A. Beckerman
Florida Bar No.: 568252
E-mail: jabeckerman@littler.com
Rebecca Anguiano
Florida Bar No.: 99690
E-mail: ranguiano@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
305.400.7500 (Tel)
305.675.8497 (Fax)

***ATTORNEYS FOR DEFENDANTS***
***REPROTECH, LTD and HEATHER CUMMINS***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 25th day of April 2019, that a true and correct copy of the foregoing document was e-filed with the Clerk of Court via the Florida's E-Portal's E-filing system, and via e-mail to the following Plaintiff's counsel:

J.Freddy Perera, Esquire
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esquire
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
PERERA BARNHART, P.A.
1255 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: (786) 485-5832
***Attorneys for Plaintiff***

/s/ Jonathan A. Beckerman
Jonathan A. Beckerman

FIRMWIDE:164038483.1 999999.2022

2

**IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA**

**CASE NO.: CACE-19-004100
DIVISION: 12**

**CARMEN COLON, and**
**All others similarly situated under**
**29 U.S.C. §216(b),**

      **Plaintiff,**

**v.**

**REPROTECH, LTD., and**
**HEATHER CUMMINS, individually.,**

      **Defendants.**

_____/

## NOTICE OF APPEARANCE

The law firm of LITTLER MENDELSON, P.C. enters the appearance of Rebecca Anguiano, Esq., as co-counsel together with Jonathan A. Beckerman, Esq., as lead counsel for and on behalf of the Defendant, REPROTECH, LTD and HEATHER CUMMINS, in the above-styled cause, and requests that all papers and pleadings be served upon the undersigned counsel.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Composite Exhibit A

**Dated**: April 25th, 2019        Respectfully submitted,

/s/ *Rebecca Anguiano*
Jonathan A. Beckerman
Florida Bar No.: 568252
E-mail: jabeckerman@littler.com
Rebecca Anguiano
Florida Bar No.: 99690
E-mail: ranguiano@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
305.400.7500 (Tel)
305.675.8497 (Fax)

***ATTORNEYS FOR DEFENDANT***
***REPROTECH, LTD. and HEATHER CUMMINS***

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this 25th day of April 2019, that a true and correct copy of the foregoing document was e-filed with the Clerk of Court via the Florida's E-Portal's E-filing system, and via e-mail to the following Plaintiff's counsel:

J.Freddy Perera, Esquire
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esquire
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 092044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
PERERA BARNHART, P.A.
1255 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: (786) 485-5832
***Attorneys for Plaintiff***

/s/ *Rebecca Anguiano*
Rebecca Anguiano, Esq.

FIRMWIDE:164038163.1 999999.2022

Composite Exhibit A