UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CIV-61183-RAR

CARMEN COLON,

    Plaintiff,

v.

REPROTECH CRYOBANK, INC.,
a Foreign Profit Corporation
d/b/a REPROTECH, LTD, and
HEATHER CUMMINS, individually,

    Defendants.

_____/

### JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff CARMEN COLON ("Plaintiff") and Defendants REPROTECH CRYOBANK, INC. and HEATHER CUMMINS ("Defendants")(collectively the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement and Dismissal with Prejudice in this Fair Labor Standards Act ("FLSA") case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support jointly state the following:

1. On February 22, 2019, Plaintiff filed her Complaint in Broward County Circuit Court against Defendants seeking overtime wage damages pursuant to the FLSA. Plaintiff filed her First Amended Complaint in Broward County Circuit Court on March 13, 2019. This matter was later removed to this Honorable Court.

2. On July 8, 2019, Plaintiff filed her Second Amended Complaint [DE 12] pursuant to this Honorable Court's FLSA Order [DE 9].

3. On July 22, 2019, Defendants filed their Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint. [DE 17]

4. Defendants deny Plaintiff's allegations of unpaid overtime. Defendants contend that they fully complied with the FLSA and that Plaintiff was exempt from the wage and hour provisions of the FLSA.

5. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement of this matter where, at all material times, both Plaintiff and Defendants were represented by counsel.

6. The settlement between Plaintiff and Defendants provides for full and complete relief as to Plaintiff's FLSA claims, consideration for a general release, and for attorneys' fees and costs which were negotiated separately from Plaintiff's claims.

7. A copy of the Parties' settlement agreement will be communicated to chambers for *in camera* review along with other supporting documentation set forth below. A proposed Order granting this Joint Motion will be filed simultaneously.

## MEMORANDUM OF LAW

I. **LEGAL FRAMEWORK**

There are two ways in which claims under the FLSA can be settled and released by employees. First, 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the court with a proposed settlement and the court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,*

328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).  The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004)(there is a "strong presumption in favor of finding a settlement fair)(citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *See also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

## II. THE SETTLEMENT DID NOT RESULT IN PLAINTIFF COMPROMISING HER WAGE AND HOUR CLAIMS

Many of the joint motions for settlement approval filed in the Southern District of Florida involve the plaintiff settling for less than the full value of his or her FLSA claim.  This type of compromise compels the Court to review the settlement between the parties under *Lynn Foods*. However, not all FLSA settlements require this review. In the matter of *Karow v. Day & Zimmermann NPS, Inc.* (S.D. Fla. 2015), the Court stated that unless the employer, "offers the

3

plaintiff full compensation of his FLSA claim [and] no compromise is involved," the employer and employee must present the proposed settlement to the Court for approval. *Su v. Electronic Arts, Inc.,* 2006 WL 4792780, *3 (M.D. Fla. Aug. 29, 2006) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354-55 (11th Cir. 1982)); *see also Abercrombie v. Pagano's Bros, Inc*., Case No. 6:18-cv-772-Orl-40KRS (M.D. Fla. 2018)(finding no compromise under *Lynn Food's* when plaintiff is fully compensated for her claims). In this matter, as will be more fully set forth below, Plaintiff received full compensation for her FLSA claims. As such, Plaintiff's claims are not compromised, and the Parties respectfully submit that the settlement is reasonable pursuant *Lynn's Foods.*

### III.     THE OBSTACLES FACED BY PLAINTIFF

Plaintiff's recovery in this matter is very significant in light of the various legal barriers she would have to overcome to attain any financial recovery whatsoever.

#### A.    First Obstacle: The Possible Application Of The Administrative Exemption.

As an initial matter, Defendants vehemently maintained that Plaintiff was exempt from the FLSA's overtime provisions under the FLSA's administrative exemption. *See* 29 U.S.C. § 213(a)(1). Under the administrative exemption, the employee must, among other things, be "compensated on a salary basis at a rate of not less than $455 per week." 29 C.F.R. § 541.600(a). Further, the employee's primary duty must: (1) be "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (2) "include[] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a). The basis for the administrative exemption was firm in this matter.

It is beyond dispute that Plaintiff was paid on a salary basis during the relevant period. As a result, the foundational requirement for the administrative exemption was unassailable.

4

Importantly, it is often the absence of a base salary that leads to the inability to rely on the administrative exemption. And, it is often the absence of a base salary that enables a finding that the employer's FLSA violations were willful.

Secondly, Plaintiff performed customer service work for the Defendants. Plaintiff's work may very well have been found to be the type of "office or non-manual work directly related to the management or general business operations of the employer." As a result, there was no significant argument that Defendants would have been able to establish the second prong of the administrative exemption.

The only room for real argument related to the third prong of the administrative exemption—whether Plaintiff's primary duty included "the exercise of discretion and independent judgment with respect to matters of significant." The work performed by Plaintiff for Defendants made it very likely that any independent judgment exercised by Plaintiff concerned a matter of significance. As a result, it was very possible that the administrative exemption would have barred *any* recovery in this matter. Plaintiff gave significant weight to this possibility.

### B. Second Obstacle: Establishing All Hours Worked

Secondly, there was a significant dispute in this case over the hours Plaintiff worked during the relevant period. Unlike other FLSA cases, there were no complete time records establishing all hours worked. The question of compensable work hours would have come down to a question of credibility.

### IV. PLAINTIFF'S RECOVERY

The foregoing legal and factual analysis explains why Plaintiff was eager to accept the proposal that was ultimately memorialized through the Settlement Agreement. Plaintiff ran a substantial risk of losing this case altogether. Had she lost, Plaintiff would have faced an exposure of a cost judgment being entered against her. Through all of the challenges in this case, Plaintiff

5

was able to secure a financial benefit of $9,000.00. This was a very beneficial outcome under the circumstances. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

Importantly, Plaintiff's settlement did not result in a compromise of her FLSA claims. In the Statement of Claim [DE 11], Plaintiff alleges she was owed $3,516.57 in unliquidated damages (which translates into $7,033.14 in liquidated damages). These calculations assumed that Plaintiff would be entitled to a time-and-a-half overtime rate. During the course of negotiating this settlement, it became apparent that a halftime overtime rate would be appropriate given Plaintiff's salary. If the more proper halftime rate is utilized, Plaintiff's damages total only $1,090.35 in unliquidated damages (which translates into $2,180.70 in liquidated damages)[1]. In comparing this amount to Plaintiff's recovery, she is fully compensated for her FLSA claim and there exists no compromise. The Parties submit the settlement is reasonable.

## V.     PLAINTIFF'S ATTORNEYS' FEES AND COSTS

In a suit brought by employees under the FLSA, the Court must determine whether the settlement "is a fair and reasonable resolution." *See Lynn's Food.,* 679 F.2d at 1352-53. at 1354. In doing so, the Court considers such factors as "(1) existence of fraud; (2) complexity of the case; (3) the point of the proceedings when the settlement occurs; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) counsel's opinion." *McHone v. Donald P. Hoekstra Plumbing, Inc.,* No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.,* 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust*

---

[1] Salary of $36,898.00: ($709.52/43 hours = $16.50; $16.50/2 = $8.25; $8.25 x 3 hours x 35 weeks = $866.20)
Salary of $37,098.00 ($713.42/43 hours = $16.60; $16.60/2 = $8.30; $8.30 x 3 hours x 9 weeks = $224.11)

*Bank of Ala., Nat'l Ass'n.,* 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). However, since Plaintiff received all of the FLSA compensation arguably due, the amount of attorneys' fees and costs paid under settlement agreement does not taint the amount Plaintiff agreed to accept to settle the case. *See Abercrombie v. Pagano's Bros, Inc.*, Case No. 6:18-cv-772-Orl-40KRS (M.D. Fla. 2018). In this situation, the "Court need not scrutinize the settlement agreement further to consider whether the attorneys' fees and costs to be paid are reasonable." *Id. citing Caamal v. Shelter Mortg. Co., L.L.C.,* No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *5 (M.D. Fla. Sept. 26, 2013).

**A.  The Issue Of Attorneys' Fees And Costs Were Separately Negotiated.**

Although this Court need not scrutinize the settlement or the associated attorneys' fees and costs, the Parties represent that Plaintiff's attorneys' fees and costs were, at all times, negotiated separately from the amounts claimed by Plaintiff for her underlying claims and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075 at *15-16. A report of Plaintiff's attorneys' fees and costs incurred during the course of this litigation will be provided for *in camera* review as Exhibit A.

B. **The Lawyers Representing Plaintiff**.

Plaintiff was represented by J. Freddy Perera, Esq. and Brody Shulman, Esq. and Waynice Green-Musgrove, Esq. The curriculum vitae for each attorney will be provided for *in camera* review as Composite Exhibit "B".

As the Court will note, Mr. Perera graduated number one (1) in his law school, has a big firm background, a history of publications and lectures on employment issues, and has dedicated his entire career to the field of labor and employment law. Mr. Perera has handled hundreds of labor and employment matters and has served as a fee expert in this area. Hourly clients regularly pay $400 an hour for Mr. Perera's services.

Mr. Shulman is a partner at Perera Barnhart, P.A. and has also dedicated his entire career to the field of labor and employment law. Mr. Shulman has handled hundreds of labor and employment matters and has served as lead counsel on many reported decisions. Hourly clients regularly pay $350 an hour for Mr. Shulman's services.

Mrs. Green-Musgrove is a senior associate at Perera Barnhart, P.A.; she has dedicated virtually all of her career to the field of labor and employment law. Mrs. Green-Musgrove has handled hundreds of labor and employment matters. Hourly clients regularly pay $325 an hour for Mrs. Green-Musgrove's services.

A sample of documents showing the payment of the rates above will be sent for *in camera* review and designated as Composite Exhibit "C" to this Motion. *See Mayson v. Pierce*, 806 F.2d 1556, 1557 (11th Cir. 1989) (noting that billing rates charged to other clients is evidence of the reasonable hourly rate).

Recently, the Honorable Magistrate Judge Alicia O. Valle granted a Joint Motion for Settlement Approval an FLSA matter and approved the hourly rates of $400.00 for J. Freddy Perera,

Esq., $350.00 for Brody M. Shulman, Esq., and $325.00 for Waynice A. Green-Musgrove, Esq. *See Bolton v. Rock N Massage, Inc., et. al.*, case no.: 19-cv-60008-AOV (S.D. Fla. May 8, 2019).

C. **Analysis Of Various Factors**

Counsel for the Parties note there is not existence of fraud or collusion in this matter. The settlement here is the negotiated result of an adversarial proceeding, which itself is an indication of its fairness.

This matter was not a straightforward FLSA matter, but rather, involved complex legal and factual facts. As stated *supra*, the factual and legal issues included the administrative exemption and recordkeeping disputes. Moreover, issues regarding operational control and liquidated damages would be heavily litigated if this matter did not resolve.

The settlement of this matter occurred at nearly the halfway mark.

As noted above, the range of recovery in this case was threatened by significant obstacles, including the administrative exemption and the dispute over hours worked.

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

**WHEREFORE**, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement agreement, (2) dismissing this action in its entirety with prejudice as to all defendants, and (3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted on September 11, 2019.

| | |
|---|---|
| By**:** */s/ **Brody M. Shulman**___<br>J. Freddy Perera, Esq.<br>Florida Bar No. 93625<br>E-mail: freddy@pereralaw.com<br>Valerie Barnhart, Esq.<br>Florida Bar No. 88549<br>E-mail: valerie@pererabarnhart.com<br>Brody M. Shulman, Esq.<br>Florida Bar No. 092044<br>E-mail: brody@pererabarnhart.com<br>Waynice A. Green, Esq.<br>Florida Bar No. 116175<br>E-mail: waynice@pererabarnhart.com<br>**PERERA BARNHART**<br>12555 Orange Dr.<br>Second Floor<br>Davie, FL, 33330<br>Telephone: 786-485-5232<br>*Counsel for Plaintiff* | By:   */s/ **Rebecca Anguiano**<br>Rebecca Anguiano, Esq.<br>Florida Bar No. 99690<br>E-mail: ranguiano@littler.com<br><br><br><br><br>**LITTLER MENDELSON, P.C.**<br>Wells Fargo Center<br>333 SE 2nd Avenue<br>Suite 2700<br>Miami, FL  33131<br>305.400.7500<br>305.675.8497 (Fax)<br>*Counsel for Defendants* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 11, 2019 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Brody M. Shulman*
Brody M. Shulman, Esq.

## **SERVICE LIST**

Jorge Freddy Perera, Esquire
Perera Barnhart, P.A.
12555 Orange Drive, Second Floor
Davie, Florida 33330
Tel: (786) 485-5232
E-mail: freddy@pererabarnhart.com
*Attorney for Plaintiff*
*Via ECF*

Waynice A. Green-Musgrove, Esquire
Perera Barnhart, P.A.
12555 Orange Drive, Second Floor
Davie, Florida 33330
Tel: (786) 485-5232
E-mail: waynice@pererabarnhart.com
*Attorney for Plaintiff*
*Via ECF*

Brody Max Shulman, Esquire
Perera Barnhart, P.A.
12555 Orange Drive, Second Floor
Davie, Florida 33330
Tel: (786) 485-5232
E-mail: brody@pererabarnhart.com
*Attorney for Plaintiff*
*Via ECF*

Rebecca Anguiano, Esquire
Florida Bar No. 99690
E-mail: ranguiano@littler.com
**Littler Mendelson, P.C.**
Wells Fargo Center
333 SE 2nd Avenue
Suite 2700
Miami, FL  33131
305.400.7500
305.675.8497 (Fax)
*Counsel for Defendants*